1   Robert J. Buccieri, Bar No. 204255
    rbuccieri@longlevit.com
2   Andrew Massara, Bar No. 282913
    amassara@longlevit.com
3   LONG & LEVIT LLP
    465 California Street, 5th Floor
4   San Francisco, California  94104
    Telephone:    (415) 397-2222
5   Facsimile:    (415) 397-6392

6   Attorneys for Defendants
    S.A.W. ENTERTAINMENT LIMITED dba
7   LARRY FLYNT'S HUSTLER CLUB; 250
    COLUMBUS AVE., LLC; and ROGER FORBES
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   ANTONIO QUISTIAN and ARTHUR              Case No.  3:14-cv-03397-JCS
     RENOWITZKY,
13                                            **ANSWER OF S.A.W. ENTERTAINMENT
                    Plaintiff,                LIMITED dba LARRY FLYNT'S
14                                            HUSTLER CLUB; 250 COLUMBUS AVE.,
     v.                                       LLC; and ROGER FORBES**
15
     S.A.W. ENTERTAINMENT LIMITED
16   dba LARRY FLYNT'S HUSTLER CLUB;
     250 COLUMBUS AVE., LLC; ROGER
17   FORBES; L.F.P., INC.; and DOES 1-10,
     Inclusive,
18
                    Defendants.
19

20          Defendants SAW ENTERTAINMENT dba LARRY FLYNT'S HUSTLER CLUB; 250

21   COLUMBUS AVE. LLC; and ROGER FORBES ("Defendants") hereby answer ANTONIO

22   QUISTIAN's and ARTHUR RENOWITZKY's ("Plaintiffs") Complaint For Preliminary and

23   Permanent Injunctive Relief and Damages; Denial of Civil Rights and Access to Public Facilities

24   to Physically Disabled Persons, Per Federal and California Statutes (including Civil Code §§ 51,

25   52, 54, 54.1, 54.3, and § 55; Health & Safety Code §§19953 *et seq.;* Injunctive Relief per Title

26   III, Americans with Disabilities Act of 1990 (including 42 USC §§ 12181 *et seq.*) as follows:

27                              **INTRODUCTION**

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

1        1.   Admitted that Larry Flynt's Hustler Club is located at 1031 Kearny Street, San

2    Francisco.  Defendants are without information or knowledge sufficient to form a belief as to the

3    truth of the allegations as to the disabilities of Plaintiffs and therefore denies the same.  The

4    remaining allegations in this paragraph are denied.

5        2.   Admitted that the Complaint seeks injunctive relief and recovery of damages.  The

6    remaining allegations in this paragraph are denied.

7                                    **JURISDICTION**

8        3.   Admitted that the Court has jurisdiction over the ADA-based cause of action.  The

9    remaining allegations in this paragraph are denied.

10                                      **VENUE**

11       4.   Admitted that venue is proper with respect to the ADA-based cause of action.  The

12   remaining allegations in this paragraph are denied.

13                                   **INTRADISTRICT**

14       5.   Admitted that the San Francisco/Oakland intradistrict is proper with respect to the

15   ADA-based cause of action.  The remaining allegations in this paragraph are denied.

16                                     **PARTIES**

17       6.   Admitted that S.A.W. Entertainment Limited and 250 Columbus Ave., LLC, are

18   the operator/lessee of and owner/lessor, respectively, of 1031 Kearny Street and Larry Flynt's

19   Hustler Club.  Defendants are without information or knowledge sufficient to form a belief as to

20   the truth of the allegations as to the disabilities of Plaintiffs and therefore denies the same.  The

21   remaining allegations in this paragraph are denied.

22       7.   Denied

23       8.   Admitted that S.A.W. Entertainment Limited and 250 Columbus Ave., LLC, are

24   the operator/lessee of and owner/lessor, respectively, of 1031 Kearny Street and Larry Flynt's

25   Hustler Club.  The remaining allegations in this paragraph are denied.

26                               **FIRST CAUSE OF ACTION**

27                             **(California Disabled Persons Act)**

28       9.   Defendants reincorporate prior responses by reference.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

10. The stated statutory provisions speak for themselves.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations as to the disabilities of Plaintiffs and therefore denies the same.

11. The stated statutory provisions speak for themselves.  The remaining allegations in this paragraph are denied.

12. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 12 and therefore denies the same.

13. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 13 and therefore denies the same.

14. Admitted that on or about January 4, 2014, someone in a wheelchair was assisted into the Club by Club employees.  Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 14 and therefore denies the same.

15. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 15 and therefore denies the same.

16. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 16 and therefore denies the same.

17. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 17 and therefore denies the same.

18. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 18 and therefore denies the same.

19. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 19 and therefore denies the same.

20. Admitted that public access to the Club via a stairwell and that sometime in December 2013, someone in a wheelchair was assisted into the Club by Club employees.  Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 20 and therefore denies the same.

21. Defendants are without information or knowledge sufficient to form a belief as to the allegations in paragraph 21 and therefore denies the same.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 3 -                    ANSWER 3:14-CV-03397-JCS

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that the Plaintiffs seek injunctive relief.  The remaining allegations in this paragraph are denied.

27. Admitted that the Plaintiffs seek injunctive relief, damages, and fees and costs. The remaining allegations in this paragraph are denied.

28. Denied.

29. Admitted that the Plaintiffs seek trebled damages.  The remaining allegations in this paragraph are denied.

30. Denied.

31. Denied.

32. Admitted that the Plaintiffs seek recovery of fees and costs.  The remaining allegations in this paragraph are denied.

## SECOND CAUSE OF ACTION

### (Unruh Act and the Unruh Act's Incorporation of ADA)

33. Defendants reincorporate prior responses by reference.

34. The stated provision of the California Civil Code speaks for itself.  The remaining allegations in this paragraph are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Admitted that the Plaintiffs seek recovery of fees and costs.  The remaining allegations in this paragraph are denied.

## THIRD CAUSE OF ACTION

### (Americans with Disabilities Act)

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

ANSWER 3:14-CV-03397-JCS

40. Defendants reincorporate prior responses by reference.

41. The stated provisions of the ADA speak for themselves.

42. The stated provisions of the ADA speak for themselves.

43. The stated provisions of the ADA speak for themselves.

44. The stated provisions of the ADA speak for themselves.  The remaining allegations in this paragraph are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted that Plaintiffs seek relief under the ADA.  The remaining allegations in this paragraph are denied.

## ANSWER TO ALL ALLEGATIONS

50. All other allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiffs lack standing to seek injunctive relief because they fail to show a plausible intent or desire to return to Larry Flynt's Hustler Club ("the Club").

**Second Affirmative Defense**

This Court lacks supplemental jurisdiction over Plaintiffs' state law claims.

**Third Affirmative Defense**

Plaintiffs fail to state a claim as to any cause of action against Defendant Roger Forbes because he does not own, lease, or operate the Club.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred because the barrier removal(s) Plaintiffs seek pursuant to the ADA in facilities built prior to January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 5 -                    ANSWER 3:14-CV-03397-JCS

1  **Fifth Affirmative Defense**

2       Plaintiffs' claims are barred because, with respect to any particular architectural element

3  within the Club that departs from accessibility guidelines, the Club has provided equivalent

4  facilitation in the form of alternative designs and technologies that provide substantially

5  equivalent or greater access to and usability of the facility.

6  **Sixth Affirmative Defense**

7       Plaintiffs' claims are barred because the claimed violations are *de minimis* and not

8  actionable because they do not materially impair Plaintiffs' use of an area for an intended

9  purpose.

10  **Seventh Affirmative Defense**

11       Plaintiffs' claims are barred because the modifications Plaintiffs seek are not "alterations"

12  within the meaning of the ADA and/or they do not trigger an alteration legal standard because the

13  modifications sought will be disproportionate in cost or cost in excess of 20% of the entire

14  "alteration."

15  **Eighth Affirmative Defense**

16       Plaintiffs' claims are barred because any alterations made are sufficient in that they satisfy

17  the "to the maximum extent feasible" standard.  42 U.S.C. § 12183(a)(2).

18  **Ninth Affirmative Defense**

19       Plaintiffs' claims are barred because Defendants have made good faith efforts to comply

20  with the ADA, the Urruh Act, and the CDPA, including providing appropriate alternative access.

21  **Tenth Affirmative Defense**

22       Plaintiffs' claims are barred to the extent they request modifications that would impose an

23  undue burden on Defendants.

24  **Eleventh Affirmative Defense**

25       Plaintiffs' claims are barred to the extent removal of the alleged barriers would

26  fundamentally alter the nature of Defendants' public accommodation.  42 U.S.C. §

27  12182(b)(2)(ii).

28  **Twelfth Affirmative Defense**

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 6 -                    ANSWER 3:14-CV-03397-JCS

1    Plaintiffs' claims are barred because Defendants adequately provided access through

2    readily achievable "alternative methods."

3    **Thirteenth Affirmative Defense**

4    Plaintiffs' claims are barred because the modifications Plaintiffs seek are technically

5    infeasible pursuant to ADAAG § 4.1.6.(1)(j).

6    **Fourteenth Affirmative Defense**

7    Plaintiffs' claims are barred or their alleged damages must be reduced because Plaintiffs

8    have failed to mitigate their damages, if any.

9

10

11    Dated: October   15  , 2014                    LONG & LEVIT LLP
                                                     Andrew M. Massara
12

13

14                                          By:_____
                                                     ANDREW M. MASSARA
15                                                   Attorneys for Defendants
                                                     S.A.W. ENTERTAINMENT LIMITED
16                                                   dba LARRY FLYNT'S HUSTLER CLUB;
                                                     250 COLUMBUS AVE., LLC; ROGER
17                                                   FORBES; L.F.P., INC.

18    DOCS\S0301-203\726586.1

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 7 -                    ANSWER 3:14-CV-03397-JCS